IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CLINTON McQUEEN,

    Plaintiff,

vs.

CHEF TEACH HOUSE OF MAC LLC,
a Florida Limited Liability Company, and
DERRICK TURTON, an individual, jointly
and severally,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

    Plaintiff, CLINTON McQUEEN, sues Defendants, CHEF TEACH HOUSE OF MAC LLC, and DERRICK TURTON, and shows:

### Introduction

    1.    This is an action by CLINTON MCQUEEN against his former employers for unpaid overtime pursuant to the Fair Labor Standards Act. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

    2.    This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

    3.    The claim arose within the Southern District of Florida, which is where venue is proper.

### Parties and General Allegations

    4.    Plaintiff, CLINTON McQUEEN, (hereinafter "McQUEEN") a resident of Miami-Dade County, was at all times material, employed by Defendants in their restaurant known as World Famous House of Mac as a cook, was an employee as defined by 29 U.S.C.

§ 203 (e), and during his employment with Defendants was engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207(a).

5. Defendant, CHEF TEACH HOUSE OF MAC LLC (hereinafter, "CHEF TEACH HOUSE OF MAC"), is a Florida Limited Liability Company doing business in Miami-Dade County, Florida, which operates and is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the restaurant where McQUEEN was employed.  At all times pertinent to this Complaint, CHEF TEACH HOUSE OF MAC operates as an organization which sells and/or markets its services and/or goods to customers throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and CHEF TEACH HOUSE OF MAC obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

6. Defendant, DERRICK TURTON (hereinafter "TURTON"), who resides in the Southern District of Florida, was, or now is, an owner and/or operator of Defendant CHEF TEACH HOUSE OF MAC.

7. Defendant TURTON acted and acts directly in the interests of Defendant CHEF TEACH HOUSE OF MAC in relation to its employees because he hired McQUEEN, determined his pay and work responsibilities and set his work schedule. Thus TURTON controlled the terms of McQUEEN's employment and was and is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

### COUNT I – Unpaid Overtime against all Defendants

8. Plaintiff realleges paragraphs 1 through 7 as if fully set forth in Count I of this Complaint.

9. Since February 2018, Defendants have willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically McQUEEN, from February 2018 through October 2020, has worked in excess of 40 hours a week virtually every week of his employment, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he was employed.

10. The failure to pay overtime compensation to McQUEEN is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that he neither was a bona fide executive, administrative or professional employee.

11. Defendants' actions were willful and purposeful as they were well aware of the Fair Labor Standards Act and McQUEEN's status as non-exempt, but chose not to pay him in accordance with the Act.

12. MCQUEEN is entitled pursuant to 29 U.S.C. § 216(b), to recover from Defendants:

    a. All unpaid overtime that is due;
    b. As liquidated damages, an amount equal to the unpaid overtime owed;
    c. The costs of this action, and;
    d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, CLINTON McQUEEN, prays that this court will grant judgment against Defendants:

    a. awarding McQUEEN payment of overtime compensation found by the court to be due to him under the Act;
    b. awarding McQUEEN an additional equal amount as liquidated damages;
    c. awarding McQUEEN his costs, including a reasonable attorney's fee; and
    d. granting such other and further relief as is just.

## Jury Demand

Plaintiff demands trial by jury.

Dated: April 15, 2021
Plantation, Florida

                                        Respectfully submitted,

                                        *s/Robert S. Norell*
                                        Robert S. Norell, Esq. (Fla. Bar No. 996777)
                                        E-Mail: rob@floridawagelaw.com
                                        **ROBERT S. NORELL, P.A.**
                                        300 N.W. 70th Avenue
                                        Suite 305
                                        Plantation, Florida 33317
                                        Telephone: (954) 617-6017
                                        Facsimile: (954) 617-6018
                                        *Counsel for CLINTON McQUEEN*